THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WALTER GIBSON, Defendant-Appellant.

First District (2nd Division)   No. 1—97—3923

Opinion filed April 20, 1999.—Rehearing denied May 20, 1999.

Michael J. Pelletier and Deborah J. Israel, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb and James S. Veldman, Assistant State's Attorneys, of counsel), for the People.

JUSTICE COUSINS delivered the opinion of the court:

Defendant, Walter Gibson, was charged by indictment with one count of delivery of a controlled substance and one count of possession of a controlled substance with intent to deliver. Defendant was allowed to proceed *pro se* and, following a bench trial, was convicted of both offenses. On October 14, 1997, defendant was sentenced to six years' imprisonment in the Illinois Department of Corrections. On appeal, defendant contends: (1) his waiver of counsel was invalid where the trial court did not substantially comply with Supreme Court Rule 401(a) (134 Ill. 2d R. 401(a)), notwithstanding the court's *sua sponte* appointment of standby counsel; (2) the trial court erred in failing to hold an evidentiary hearing to determine whether defendant was coerced by standby counsel to waive trial by jury; and (3) a corrected *mittimus* must issue to show that defendant was not convicted of a Class X offense.

BACKGROUND

On January 23, 1997, defendant was arraigned on the instant indictment. At the arraignment, Assistant Public Defender (APD) Sandra Bennewitz, who appeared on behalf of defendant, waived a formal reading of the charges and entered a plea of not guilty. The trial court noted that because defendant had two prior convictions for Class 2 felonies, the present Class 2 felony charges would be treated as Class X offenses for the purpose of sentencing. See 730 ILCS 5/5— 5—3(c) (West Supp. 1997). Thereafter, the trial court granted defendant's motion for substitution of judge and continued the case.

On March 24, 1997, APD Porter Merriwether appeared on behalf of defendant and informed the trial court that APD Jeff Ginsburg had been assigned to defendant's case; however, it was APD Merriwether who had spoken with defendant regarding a possible plea bargain. The trial court then admonished defendant regarding the consequences of a pretrial conference and continued the case for jury status.

On May 5, 1997, APD Ginsburg appeared on behalf of defendant, only as a "courtesy," as defendant intended to file a motion to proceed *pro se*. The trial court asked defendant if he had ever represented himself in the past and defendant responded that he had partially done so. The trial court noted that his past *pro se* representation resulted in defendant being imprisoned, then explained the disadvantages of proceeding without counsel. Defendant insisted that he had a constitutional right to represent himself. However, the court reserved judgment on whether defendant could proceed *pro se*, specifically stating it had made no determination at that time, and continued the case to July 14, 1997.

On July 14, 1997, APD Merriwether appeared on behalf of defendant in front of a different judge than the judge who was present at the January 23, 1997, March 24, 1997, or May 5, 1997, hearing. APD Merriwether informed the court that defendant's case was not his and incorrectly indicated that the previous judge granted defendant's motion to proceed *pro se*. After admonishing defendant regarding the "pitfalls" of self-representation, the trial court appointed APD Merriwether as counsel for defendant and continued the case so that defendant could meet with APD Merriwether to discuss his case.

On August 11, 1997, APD Merriwether reported to the court that a meeting did not take place and requested that the case be returned to the original public defender assigned to it. Defendant asserted that he would rather proceed *pro se* than have any public defender represent him. The trial court expressed concern because defendant did not know that he had been arraigned, stating "You are standing here saying to the Court, you want to be your own lawyer, and you don't even know what happened in your case from the time you were standing up here in front of a judge before [*sic*]. You don't even know the legal things that went on." Thereafter, the court urged defendant to take advantage of the expertise of counsel and advised him to make every effort to get in contact with APD Merriwether. The case was then continued to August 26, 1997.

On August 26, 1997, defendant demanded trial and requested a jury trial. The court granted defendant's motion to represent himself and *sua sponte* appointed APD Merriwether as standby counsel.

On September 9, 1997, defendant requested discovery, which had

not yet been turned over to him. APD Merriwether was not in court due to illness; therefore, the case was held on call until the following day. On September 10, 1997, defendant waived his right to a trial by jury and filed several motions, which were not ruled on at that time.

On September 11, 1997, APD Merriwether informed the court defendant would be proceeding *pro se* on his motions only and APD Merriwether would be handling the trial. After discussion off the record, defendant was allowed to proceed *pro se* both on his motions, which were denied, and during the trial proceedings. Defendant again requested discovery, at which point APD Merriwether turned discovery over to him and the trial began.

On September 17, 1997, after reviewing the transcripts of the trial proceedings, the trial court found defendant guilty of delivery of a controlled substance and possession of a controlled substance with intent to deliver.

On October 14, 1997, the trial court denied defendant's *pro se* posttrial motion for arrest of judgment and a new trial. After hearing and considering the presentence report, the evidence and the factors presented in aggravation and mitigation, the trial court sentenced defendant to six years' imprisonment in the Illinois Department of Corrections. Defendant appeals.

We affirm.

OPINION

I

██ █ Defendant contends his waiver of counsel was invalid where the trial court did not substantially comply with Supreme Court Rule 401(a) (134 Ill. 2d R. 401(a)), notwithstanding the court's *sua sponte* appointment of standby counsel. The guidelines in Rule 401 (134 Ill. 2d R. 401) set forth what is required when a defendant elects to waive counsel in a criminal proceeding at the trial level.

"Rule 401. Waiver of Counsel

(a) Waiver of Counsel. Any waiver of counsel shall be in open court. The court shall not permit a waiver of counsel by a person accused of an offense punishable by imprisonment without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; and

(3) that he has a right to counsel and, if he is indigent, to

have counsel appointed for him by the court." 134 Ill. 2d R. 401(a).

See also *People v. Baker*, 94 Ill. 2d 129, 445 N.E.2d 769 (1983). The trial judge must, in open court, inform the defendant and determine that he understands the nature of the charge, the minimum and maximum possible sentences, and his right to counsel.

> "Although a court may consider a defendant's decision to represent himself unwise, if his decision is freely, knowingly, and intelligently made, it must be accepted out of ' "that respect for the individual which is the lifeblood of the law." ' [Citations.] Because an accused who manages his own defense relinquishes many of the traditional benefits associated with the right to assistance of counsel, the accused must, in order to represent himself, knowingly and intelligently forgo those relinquished benefits. [Citation.] If an individual seeks to waive counsel, the trial court must not only determine that he is competent to stand trial but also satisfy itself that his waiver of this constitutional right is knowing and voluntary. [Citation.] Ordinarily a waiver is an intentional relinquishment or abandonment of a known right or privilege. [Citation.] Although a defendant need not possess the skill and experience of a lawyer in order to choose self-representation competently and intelligently, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that ' "he knows what he is doing and his choice is made with eyes wide open." ' [Citations.] This requirement of knowing and intelligent choice calls for nothing less than a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. [Citations.] The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances of that case, including the background, experience, and conduct of the accused."

*People v. Lego*, 168 Ill. 2d 561, 563-65, 660 N.E.2d 971, 973 (1995).

In the case *sub judice*, at the May 5, 1997, hearing wherein defendant first motioned the court to proceed *pro se*, the following colloquy occurred:

> "THE COURT: Do you know what you are charged with?
>
> MR. GIBSON: Yes.
>
> THE COURT: What is it you are charged with?
>
> MR. GIBSON: Delivery?
>
> THE COURT: Delivery of what?
>
> MR. GIBSON: They say a controlled substance.
>
> THE COURT: Do you know what class offense it is?
>
> MR. GIBSON: It says upgrade to a Class X. I do not care. Rather than stand up here and plead guilty and accept six years for

something I didn't do, they can give me life. I have no intention of accepting that."

Although the trial court admonished defendant regarding the disadvantages of self-representation, it reserved judgment on the issue. Thereafter, at both the July 14, 1997, and August 11, 1997, hearings, the court further advised defendant that it would be in his best interest if he availed himself of the benefit of counsel. It was not until August 26, 1997, that the court granted defendant's motion to represent himself. Therein, APD Merriwether was appointed *sua sponte* by the court as standby counsel to "assist" defendant.

■ Looking to the guidelines enunciated in *Baker*, we agree that the trial court failed to give the proper admonishments pursuant to Rule 401(a) (134 Ill. 2d R. 401(a)). However, requiring a defendant to proceed *pro se* with standby counsel is not a waiver that constitutes reversible error under Rule 401(a) because, although defendant represented himself, he had the benefit of standby counsel for advice and consultation at all times during the course of the trial. See *People v. Johnson*, 119 Ill. 2d 119, 518 N.E.2d 100 (1987); *People v. Myles*, 86 Ill. 2d 260, 427 N.E.2d 59 (1981); *People v. Nieves*, 92 Ill. 2d 452, 442 N.E.2d 228 (1982).

Nonetheless, defendant asserts that the appointment of standby counsel to assist a defendant who is proceeding *pro se* does not infringe on his right of self-representation and relies on *McKastle v. Wiggins*, 465 U.S. 168, 79 L. Ed. 2d 122, 104 S. Ct. 944 (1984), in support of this contention. *McKastle*, however, is inapposite to the case at bar. As pointed out by our supreme court in *Johnson*, *McKastle* dealt with the permissible scope of representation by standby counsel and held that, without defendant's consent, standby counsel cannot take over the case to the extent that the jury's perception that defendant is representing himself is destroyed. *Johnson*, 119 Ill. 2d at 136, 518 N.E.2d at 108.

Here, such an issue is not presented. Although the defendant refused to accept appointed counsel, the court, nevertheless, appointed standby counsel. It is irrelevant whether defendant actually avails himself of the services of standby counsel or the extent to which standby counsel participated in the proceedings. *Johnson*, 119 Ill. 2d at 136, 518 N.E.2d at 108. Rather, our supreme court has held that a "[d]efendant's refusal to heed the advice or employ the services of appointed counsel [does] not necessitate that the circuit court admonish defendant in accordance with Rule 401(a)." *Myles*, 86 Ill. 2d at 269, 427 N.E.2d at 63.

"A defendant who seeks to defend himself with the advice of counsel has the freedom of defending himself and deciding his own

strategies in addition to the expertise of an advisor with legal training. [Citation.] Therefore, such defendant should not be heard to complain on appeal of improprieties pertaining to admonishments about proceeding *pro se.*" *People v. Eastland*, 257 Ill. App. 3d 394, 400, 628 N.E.2d 1006, 1011 (1993), citing *People v. Bliey*, 232 Ill. App. 3d 606, 617, 597 N.E.2d 830, 838 (1992).

We do not mean to imply by our holding that trial courts may disregard the admonishments set forth in Rule 401(a). It would have been preferable, in the instant case, if the court recited to defendant each of those admonishments. We hold only that, considering all of the circumstances of this case, although the trial court did not specifically advise defendant of the nature of the charge against him or the minimum penalty applicable in the event he was convicted, the omissions in this case do not constitute prejudicial error. See *Johnson*, 119 Ill. 2d at 138, 518 N.E.2d at 109.

■ Defendant contends, in the alternative, that his waiver of counsel was involuntary where the public defender assigned to his case was unwilling to represent him, thus presenting no alternative but to proceed *pro se*. In support of this contention, defendant asserts that if there exists a choice between incompetent or unprepared counsel and proceeding *pro se*, the choice to proceed *pro se* cannot be considered "voluntary" in a constitutional sense. *Sanchez v. Mondragon*, 858 F.2d 1462, 1465 (10th Cir. 1988). We, however, find no foundation for any premise that counsel was incompetent or unprepared in the instant case. Rather, the record establishes that it was the defendant who was unwilling to accept the public defender and that the public defender was neither unwilling nor unprepared to represent the defendant.

## II

Defendant next contends the trial court erred in failing to hold an evidentiary hearing to determine whether defendant was coerced by standby counsel to waive trial by jury. In his posttrial motion for arrest of judgment and a new trial, defendant alleged, *inter alia*, that APD Merriwether coerced him into waiving his jury trial, thereby entitling him to a new trial. Following argument, the trial court denied his motion and proceeded to sentencing.

We recognize that the accused in a criminal proceeding has a constitutional right to a jury trial (U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, §§ 8, 13) unless he understandingly waives the right in open court. 725 ILCS 5/103—6 (West 1998); see also *People v. Phuong*, 287 Ill. App. 3d 988, 995, 679 N.E.2d 425, 429 (1997) (the trial court is obligated to ensure that a jury waiver is made with an understanding of the nature of the rights waived). The defendant who

challenges a jury waiver bears the burden of establishing that the waiver was invalid. *People v. Stokes*, 281 Ill. App. 3d 972, 977, 667 N.E.2d 600, 604 (1996). Further, whether a jury waiver was knowingly and understandingly made depends on the facts and circumstances of the particular case. *Stokes*, 281 Ill. App. 3d at 977, 667 N.E.2d at 604.

■ Defendant in the case at bar waived his right to a jury trial in open court. At that time, defendant attested to the court that he understood what a jury trial was and that it was his intent to waive such a trial in favor of a bench trial. On appeal, however, defendant contends, without support, that this court must remand this case to determine whether he validly waived his constitutional right to a jury trial, as the trial court "failed to fulfill its affirmative duty when it summarily dismissed [defendant's] posttrial motion without conducting an evidentiary hearing on his jury waiver." Such is not the law, however. The question of whether to grant a motion for new trial or, in this case, to conduct an evidentiary hearing is addressed to the sound discretion of the trial court, and a court of review will not reverse the trial court's ruling absent a clear abuse of discretion. *People v. Nunez*, 125 Ill. App. 3d 224, 229, 465 N.E.2d 581, 586 (1984). The standard is highly deferential to the trial court since it is in a better position than a court of review to determine whether such a motion should be granted. *People v. Callaham*, 60 Ill. App. 3d 1020, 1026, 377 N.E.2d 171, 177 (1978). Moreover, new trials should be granted only when the opposite conclusion is clearly apparent to the reviewing court or the trier of fact's findings are unreasonable, arbitrary and not based on the evidence. *Maple v. Gustafson*, 151 Ill. 2d 445, 454, 603 N.E.2d 508, 512-13 (1992).

Here, the trial court, having seen the entire proceedings and the relationship between counsel and defendant, was in the best position to evaluate a claim that defendant was "coerced" into waiving trial by jury under the circumstances articulated in his brief. After review, we cannot find that the trial court abused its discretion in denying defendant's posttrial motion, particularly where the defendant knowingly and understandingly waived trial by jury and attested to such in open court. See *Stokes*, 281 Ill. App. 3d at 977, 667 N.E.2d at 604.

### III

Defendant finally contends a corrected mittimus must issue to show that defendant was not convicted of a Class X offense. We disagree.

■ Defendant was charged with delivery of a controlled substance and possession of a controlled substance with intent to deliver. Since the amount of controlled substance recovered was less than 10 grams

in each instance, the offenses were Class 2 felonies. 720 ILCS 570/401(d) (West Supp. 1997). From the time defendant was arraigned, it was understood that because defendant had a number of prior convictions, including Class 2 felonies, were he to be convicted, he would be sentenced as a Class X offender. This was mandatory pursuant to section 5—5—3(c) of the Unified Code of Corrections (730 ILCS 5/5—5—3(c) (West Supp. 1997) (a defendant convicted of a Class 2 felony or greater who has twice before been convicted of the same shall be sentenced as a Class X offender)). Accordingly, at defendant's sentencing hearing, defendant was sentenced to six years' imprisonment; the defendant being sentenced as a Class X offender to the minimum sentence available.

Defendant's contention on appeal is not well founded as the mittimus indicated that defendant was convicted of two Class 2 felonies and specifically cited section 401(d) of the Controlled Substances Act (720 ILCS 570/401(d) (West Supp. 1997)) for each offense. The notation "class X offender" was written above the sentence and was put in parentheses; however, in our view, the notation itself was unnecessary in light of the statutes indicated and his prior convictions. Thus, no need exists to correct the mittimus.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

RAKOWSKI and McNULTY, JJ., concur.