2022 IL App (1st) 200860-U

SIXTH DIVISION
December 16, 2022

No. 1-20-0860

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 19 CR 10236 |
| | ) | |
| JABARI ROGERS, | ) | The Honorable |
| | ) | James M. Obbish, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE TAILOR delivered the judgment of the court.
Justices Walker and Justice Oden Johnson concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Defendant's conviction for possession of a stolen motor vehicle is affirmed over his contention that he did not knowingly and voluntarily waive his right to a jury trial.

¶ 2    Following a bench trial, defendant Jabari Rogers was convicted of one count of possession of a stolen motor vehicle (625 ILCS 5/4-103(a)(1) (West 2018)) and sentenced to three years' imprisonment. On appeal, he argues that he did not knowingly and voluntarily waive his right to a jury trial because the trial court provided inadequate admonitions. We affirm.

¶ 3 Following a traffic stop on June 25, 2019, Rogers was charged by felony complaint with knowingly possessing a stolen 2002 Buick LeSabre. 625 ILCS 5/4-103(a)(1) (West 2018). Because Rogers does not challenge the sufficiency of the evidence to sustain his conviction, we only recount the facts necessary to resolve the issue raised on appeal.

¶ 4 On August 6, 2019, with Rogers present, the trial court appointed the Office of the Public Defender to represent him. Defense counsel entered a plea of not guilty on Rogers's behalf, and appeared on the subsequent court dates of September 4, 2019, October 2, 2019, and November 15, 2019, informing the trial court that Rogers was "present *** in Cook County custody." On the latter date, counsel sought leave to file Rogers's answer to the felony complaint and stated, "[W]e would be asking for a bench trial date of December 18th." The court responded: "By agreement 12/18/19 with for bench [*sic*]."[1]

¶ 5 On January 27, 2020, defense counsel again represented that Rogers was "present in Cook County custody" and noted his intent to file a trial demand because the State did not answer ready; additionally, counsel stated, "Bench still indicated." The trial court responded, "Motion State to 2/13/2020. With for bench. Defendant demands trial."

¶ 6 The case was tried on February 13, 2020. On that date, the trial court noted that the matter "was set today for a bench trial." The record on appeal contains a prewritten form jury waiver, dated the same day and signed by Rogers, stating: "I, the undersigned, do hereby waive jury trial and submit the above entitled cause to the Court for hearing." Defense counsel represented again that Rogers was "present in Cook County custody." The trial court then admonished Rogers as follows:

---

[1]The record on appeal contains no transcript of proceedings of December 18, 2019, nor any court reporter affidavit related to such a proceeding.

"THE COURT: The State has told me that they were ready as well. It's set as a bench trial. I have just been handed a written waiver of trial by jury.

Mr. Rogers, is that your signature on that document?

THE DEFENDANT: Yes, sir.

THE COURT: All right. And did you realize when you were signing this document you were indicating to the Court that you wanted to waive or in other words give up your right to a jury trial?

THE DEFENDANT: Yes, sir.

THE COURT: Do you know what a jury trial is?

THE DEFENDANT: Yes, sir.

THE COURT: Did anybody force you or threaten you in any way to get you to waive the jury trial?

THE DEFENDANT: No, sir.

THE COURT: Did anybody promise you anything to get you to waive it?

THE DEFENDANT: No, sir.

THE COURT: Did you do it of your own free will?

THE DEFENDANT: Yes, sir.

THE COURT: Let the record reflect that I find that Mr. Rogers has knowingly and voluntarily exercised his right to waive a jury in this case and submit the case to the Court as a bench trial."

¶ 7    At trial, Chicago police officers Angel Nunez and Alexandra Hochhauser testified that, on June 25, 2019, at about 7:30 p.m., Officer Nunez was driving in a marked police vehicle when he saw a 2002 Buick LeSabre going the wrong way down a one-way street. Officer Nunez initiated a

traffic stop. Rogers was driving the LeSabre. When Nunez asked Rogers for his driver's license, Rogers stated he did not have one. Hochhauser ran a check of the LeSabre's license plate and learned it was stolen. Rogers was placed into custody and taken to the station for questioning. Hochhauser contacted James Curtis, the owner of the LeSabre.

¶ 8 The parties stipulated that, if called, Curtis would testify that at about 2 p.m. on June 25, 2019, he parked his LeSabre at 115 North Parkside Avenue and left the keys inside. When he returned to the location where he had parked the vehicle, it was gone. He would also testify that he reported the vehicle stolen, had not given Rogers or anyone else permission to possess it, and did not know defendant.

¶ 9 The trial court found Rogers guilty. It subsequently denied Rogers's motion to reconsider the finding of guilty or, in the alternative, for a new trial.

¶ 10 According to Rogers's PSI report presented at sentencing, he had transferred high schools several times, attending four in all, and received good grades in high school before dropping out after his junior year (the eleventh grade). He reported that he had never been diagnosed with any behavioral or learning disorder and that he "loved sports and reading books." He was attending a high school program through Cook County Jail and looking forward to attending a college program in the future.

¶ 11 At sentencing, defense counsel noted Rogers was "present" and requested that the trial court sentence him to probation. In aggravation, the State noted that at the time of the offense giving rise to this appeal, another criminal proceeding against Rogers was pending in which he had been charged as an adult for possession of a stolen motor vehicle and placed on probation. He also had an earlier conviction for aggravated possession of stolen firearms and for burglary

committed when he was 17 years old, for which he had been sentenced to about 17 months in the Department of Corrections Illinois Youth Center.

¶ 12    In mitigation, Rogers presented his former football coach, Ray Marchica, who testified that he had previously invited Rogers to live with him and his wife to provide better home structure and guidance. Marchica explained that Rogers lived with him for a period of years until Rogers was 16 years old, that he had passed the entrance exam for a prestigious private high school where he "had the intelligence to be able to succeed in the classroom[,]" that he was gifted in sports, that he had the capacity to play college football and to get a scholarship, and that a prison sentence could jeopardize his future opportunities.

¶ 13    In imposing its sentence, the trial court deemed probation inappropriate—in part because Rogers had been granted second-chance probation on the prior stolen vehicle charge when he committed the present offense—and sentenced Rogers to three years in prison, the minimum for a class 2 felony. 625 ILCS 5/4-103(b) (West 2018); 730 ILCS 5/5-4.5-35(a) (West 2020). The trial court denied Rogers's motion to reconsider the sentence.

¶ 14    On appeal, Rogers argues the trial court violated his right to a jury trial and to due process of law because it accepted his jury waiver without ensuring that his waiver was voluntary and knowing. He notes the "considerable dialogue between the judge and [Rogers] regarding the voluntariness of the waiver[,]" but argues that the admonitions did not establish that he knowingly, voluntarily, and intelligently waived his right to a jury trial. He argues that the trial court failed to: (1) explain the differences between a bench and jury trial or confirm that he understood those differences; (2) advise him that, in the event of a jury trial, a jury of twelve people would have to reach a unanimous decision about whether the prosecution proved beyond a reasonable doubt that he committed the charged offense; and (3) ascertain that he understood that his waiver of the right

to a jury trial was irrevocable. He requests that we reverse his conviction and remand for a new trial.

¶ 15     Rogers acknowledges that he forfeited for review the issue of whether he validly waived a jury trial because he failed to challenge the waiver in the trial court. See *People v. Sebby*, 2017 IL 119445, ¶ 48 ("To preserve a purported error for consideration by a reviewing court, a defendant must object to the error at trial and raise the error in a posttrial motion.") (citing *People v. Belknap*, 2014 IL 117094, ¶ 66). Therefore, he asks that we review the issue under the second prong of the plain error doctrine.

¶ 16     The plain error doctrine is a "narrow and limited exception" to the rule of forfeiture of the right to appellate review. *People v. Reese*, 2017 IL 120011, ¶ 72. Under this doctrine, we may address a forfeited claim if a clear or obvious error occurred and either (1) " 'the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error,' " or (2) the error was " 'so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence.' " *People v. Harvey*, 2018 IL 122325, ¶ 15 (quoting *People v. Hood*, 2016 IL 118581, ¶ 18). An error that deprives the defendant of his or her right to a jury trial may be deemed a plain error under the second prong of the plain error doctrine. *People v. Gatlin*, 2017 IL App (1st) 143644, ¶ 32 (citing *People v. Bracey*, 213 Ill. 2d 265, 270 (2004)). Under the doctrine, our initial consideration is whether a clear or obvious error occurred. *Harvey*, 2018 IL 122325, ¶ 15. Here, we find no error.

¶ 17     The right to a trial by jury in a criminal case punishable by imprisonment is guaranteed by the federal and Illinois constitutions. U.S. Const., amend. VI, XIV; Ill. Const. 1970, art. I, §§ 8, 13. Our Criminal Code of 1961 provides that every person accused of a crime has the right to a trial

by jury unless that right is "understandingly waived by the defendant in open court." 725 ILCS 5/103-6(a) (West 2020). A defendant's waiver of that right is invalid unless undertaken " 'knowingly and understandingly.' " *Gatlin*, 2017 IL App (1st) 143644, ¶ 32 (quoting *Bracey*, 213 Ill. 2d at 269).

¶ 18     "The determination of whether a defendant has knowingly waived her right to a jury trial cannot rest on any precise formula but, rather, turns on the facts and circumstances of each case." *People v. Clay*, 363 Ill. App. 3d 780, 791 (2006) (citing *People v. Frey*, 103 Ill. 2d 327, 332 (1984)). Our supreme court has observed that, in making this determination, "no set admonition or advice is required before an effective waiver of that right may be made." *People v. Tooles*, 177 Ill. 2d 462, 469 (1997). The validity of the challenged waiver turns on "whether the waiving defendant understood that his case would be decided by a judge and not a jury." *People v. Reed*, 2016 IL App (1st) 140498, ¶ 7 (citing *People v. Bannister*, 232 Ill. 2d 52, 69 (2008)). In challenging a jury waiver, the defendant bears the burden of establishing that the waiver was invalid. *People v. Parker*, 2016 IL App (1st) 141597, ¶ 47 (citing *People v. Gibson*, 304 Ill. App. 3d 923, 929-30 (1999)). Where, as here, the facts are not disputed, the question of whether a defendant knowingly, voluntarily, and intelligently waived his right to a jury trial is a legal question that we review *de novo*. *Id.* (citing *Bannister*, 232 Ill. 2d at 66).

¶ 19     Generally, a waiver of the right to trial by jury will be deemed valid if made by defense counsel in open court in the presence of the defendant where he or she does not object. *Bracey*, 213 Ill. 2d at 270. In determining whether a waiver was knowingly made, the reviewing court may consider the defendant's silence when his or her attorney requested a bench trial, as well as the defendant's prior interactions with the justice system. *Reed*, 2016 IL App (1st) 140498, ¶ 7. Moreover, the existence of a signed written waiver weighs in favor of finding the waiver to be

knowing, intelligent, and voluntary. *Parker*, 2016 IL App (1st) 141597, ¶ 50 (citing *Bannister*, 232 Ill. 2d at 66); see also *Clay*, 363 Ill. App. 3d at 791 (noting that while written and signed jury trial waiver alone does not demonstrate understanding of waiver, it does lessen the probability that said waiver was not made knowingly).

¶ 20    After reviewing the record, we find that Rogers knowingly and voluntarily waived his right to a trial by jury. First, the record shows that in his pretrial appearance, defense counsel requested, in open court, a specific date for a "bench trial." On a later pretrial appearance, counsel confirmed, "[b]ench still indicated." On both occasions, Rogers's counsel stated on the record that Rogers was "present in Cook County custody[,]" Rogers did not object, and nothing in the record suggests his confusion on the issue. This colloquy with the trial court in Rogers's presence, as a general rule, was sufficient to effectuate a valid jury waiver on Rogers's behalf. See *Bracey*, 213 Ill. 2d at 270; *People v. Smith*, 106 Ill. 2d 327, 334 (1985) ("[W]e have recognized the validity of a waiver made by defense counsel in the presence of the defendant and without his objection."); *Reed*, 2016 IL App (1st) 140498, ¶ 7 ("[A] present defendant's silence while his or her attorney requests a bench trial provides evidence that the waiver is valid."). Second, as Rogers concedes, he signed a prewritten jury trial waiver form on the date of the bench trial. While not dispositive of the issue of the waiver's effectiveness, the existence of the signed waiver weighs in the State's favor on the issue, *i.e.*, that the waiver was knowing, intelligent, and voluntary. *Parker*, 2016 IL App (1st) 141597, ¶ 50.

¶ 21    Third, the trial court gave substantial admonitions to Rogers regarding his understanding of and the voluntariness of the waiver. He responded in a manner that confirmed he understood what a jury trial was and that he had not been coerced into waiving the right. The trial court, after acknowledging the case was "set today for a bench trial" and noting receipt of the written waiver,

asked Rogers whether (1) he had signed that waiver; (2) he realized that in doing so he was informing the court of his wish "to waive or in other words give up [his] right to a jury trial[;]" (3) he knew what a jury trial was, and (4) he waived trial by jury of his "own free will[.]" Rogers—who, according to the PSI report and testimony he presented in mitigation—had attended high school through junior year and received good grades, answered each of these questions in the affirmative. The trial court also asked Rogers whether anyone had forced or threatened him, or promised anything to him, to get him to sign the waiver; to both questions, he answered no.

¶ 22    Rogers's responses to these admonitions, along with his signed waiver and his counsel's waiver in open court, were sufficient under the circumstances to establish that the waiver was knowingly and voluntarily made. See *Parker*, 2016 IL App (1st) 141597, ¶¶ 48, 51, 53 (finding jury waiver valid where defendant was represented by counsel and answered affirmatively to trial court's inquiries whether the signature on written jury waiver was his and whether he knew what a jury trial was); *Clay*, 363 Ill. App. 3d at 791 (finding defendant knowingly waived right to jury trial where she was represented by counsel, signed written waiver, and affirmed in open court that she understood what a jury trial was and that she was giving up that right).

¶ 23    Rogers acknowledges that in *Parker* and other cases this court has found jury waivers valid despite colloquies between the trial court and the defendant that were even "more scant." However, he asserts that such cases were "wrongly decided[,]" argues that there is a "direct parallel between the standards for jury waiver and pleas of guilty[,]" and suggests that we engraft upon the judicial standard for jury trial waiver the requirements of Illinois Supreme Court Rule 402(a) regarding guilty plea admonitions. See Ill. S. Ct. R. 402 (eff. July 1, 1997). We decline Rogers's invitation to do so, not least because he points to no admonition in Rule 402(a) that is potentially applicable here that the trial court failed to give. See Ill. S. Ct. R. 402(a). Moreover, the admonition

requirement of Rule 402(a) is one of only "substantial compliance;" a trial court admonishing a defendant under this rule need not give a verbatim recitation. *Id.*; *People v. Burt*, 168 Ill. 2d 49, 65-66 (1995). As mentioned, no set admonition or advice is required before an effective waiver of the right to a jury trial may be made. *Tooles*, 177 Ill. 2d at 469. Here, the trial court's admonitions were sufficient to effectuate a valid jury waiver.

¶ 24    We also reject Rogers's reliance on *Tooles* and *Purnell* in arguing that a new trial is required because, unlike the courts in those cases, the trial court here did not explain any differences between a bench trial and a jury trial. See *Tooles*, 177 Ill. 2d at 469-70; *People v. Purnell*, 126 Ill. App. 3d 608, 621-22 (1984). As noted above, in *Tooles*, the supreme court rejected the notion of a "set" admonition as a threshold for finding a valid waiver. *Tooles*, 177 Ill. 2d at 469. Similarly, this court in *Purnell*—upholding a waiver based on the defendant's affirmations that he understood the consequences of the jury waiver and signed a form waiver—likewise recognized that "no specific formula" determines whether a waiver is validly made. *Purnell*, 126 Ill. App. 3d at 621. Neither case imposes a script for adequate admonition or suggests that the trial court must expressly distinguish between bench and jury trials in admonishing a defendant on a jury trial waiver. Moreover, we find Rogers's assertion that "the record does not reflect that [he] understood what a jury trial is" to be belied by the record, given that the trial court asked this very question, and he answered it affirmatively. The trial court was not obliged to discount or ignore this clear, unambiguous representation by an adult defendant, particularly one who was represented by counsel and had signed a written waiver.

¶ 25    Finally, we note that we do not base our finding that Rogers validly waived his right to a jury trial on his criminal history, as nothing in the record suggests he had previously been subjected to a jury trial or had previously waived the right. But neither do we conclude that the facts that he

was a "teenager" at the time of his waiver, and that his education and prior experience with the justice system were limited, weigh substantially against a finding that the waiver was knowing and voluntary. Rogers's former coach and caregiver attested to Rogers's intelligence and asked that the trial court not sentence him to imprisonment so as not to jeopardize his chances for a college scholarship. The record shows Rogers dropped out of high school after his junior year, but his PSI report indicates that he considers himself college-bound. While we recognize Rogers's relative youth—he was 19 at the time of the waiver and the bench trial—his intelligence and aptitude are also relevant. See *Frey*, 103 Ill. 2d at 333 (affirming jury waiver by defendant who demonstrated "intelligence, experience and considerable education"); *Purnell*, 126 Ill. App. 3d at 622 (noting, in upholding waiver, that defendant had no history of mental illness or intellectual disability).

¶ 26    In sum, Rogers has failed to establish that his jury waiver was invalid. Because we find no error regarding the waiver, we can find no plain error for purposes of the doctrine.

¶ 27    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 28    Affirmed.